IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 04-0220 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO CORRECT SENTENCE** |
| KEHINDE ADEBAYO ALAGBE, | |
| Defendant. | |

**INTRODUCTION**

Pursuant to 28 U.S.C. 2255, petitioner Kehinde Adebayo Alagbe moves to correct his sentence for the unlawful importation of a controlled substance, alleging ineffective assistance of counsel at sentencing. The motion fails to show that the errors alleged overcame the presumption that counsel's conduct fell within the wide range of reasonable professional assistance and, at all events, fails to show that petitioner was prejudiced by defense counsel's actions. The motion is therefore **DENIED**.

**STATEMENT**

Petitioner was convicted of one count of unlawful importation of a controlled substance following an open plea. The presentence report, which petitioner had an opportunity to respond to, indicated that the applicable sentencing range included 57 to 71 months of custody. Petitioner was not subject to the statutory minimum of five years of custody required by 21 U.S.C. 841(b)(1)(B)(i) because he met the various criteria of 18 U.S.C. 3553(f) including not

having more than one criminal history point and participation in a government debrief. As a result of satisfying the criteria above, petitioner also received a downward adjustment of two offense levels in his presentence report. He received a further downward adjustment of one offense level in his presentence report for entering a plea of guilty prior to the government's trial preparation. During the debrief, Mr. Alagbe admitted to having unlawfully imported drugs on a previous occasion.

In October 2004, the sentencing court partially granted petitioner's motion for downward departure. The total offense level in the presentence report was accepted with a further one-level downward departure granted by the sentencing court for acceptance of responsibility. Petitioner was then sentenced to 51 months in custody, the low end of the guidelines range after the downward departure was applied.

In October 2005, petitioner filed the instant action. The government was ordered to show cause why the motion should not be granted. The deadline for filing an answer was extended by thirty days because of delays in the availability of sentencing proceeding transcripts. The order gave petitioner ninety days from the filing of the government's answer to submit a reply. The government submitted its answer in January 2006. No reply was filed.

**ANALYSIS**

Upon motion, a federal court may correct a sentence it imposed if the sentence was not authorized by law or if there was such a denial or infringement of the accused's rights as to render the judgment vulnerable to collateral attack. 28 U.S.C. 2255 ¶ 2. The petitioner has the burden of establishing entitlement to relief. *See United States v. Frady*, 456 U.S. 152, 170 (1982). In alleging ineffective assistance of counsel, the petitioner must show that counsel was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Petitioner argues that his defense counsel, an attorney in the San Francisco Federal Public Defender's Office, rendered ineffective assistance at sentencing by (1) failing to seek a

2

downward departure for family reasons; (2) failing to seek a downward departure for aberrant behavior; (3) failing to enter him into a "fast track" program to receive a recommendation for downward departure from the prosecutor in exchange for entering a guilty plea and abstaining from motion practice; (4) failing to seek a downward departure on the basis that as a deportable alien, he would be ineligible for pre-release custody in a minimum security facility and would therefore be subject to more severe punishment than his undeportable counterparts. Petitioner argues that had his counsel been effective, the four grounds would have been raised and considered by the sentencing court to petitioner's advantage. Petitioner also makes a vague argument as to the applicability of *United States v. Booker*, 543 U.S. 220 (2005), which this Court construes liberally because of petitioner's pro se status. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Neither an evidentiary hearing nor supplemental briefing is required because the record of the case shows that petitioner is entitled to no relief. *See United States v. Watts,* 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).

**1.    FAMILY RESPONSIBILITIES.**

Petitioner contends that he was denied effective counsel at sentencing because counsel failed to present mitigating evidence and failed to seek a downward departure for family reasons pursuant to the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (2003). Petitioner alleges that he is the sole economic support in his marriage and that he has seven children, the youngest of whom is eighteen.

It is difficult to see how the Act applies. Petitioner does not cite any particular provisions. In this Court's review, the Act actually undercuts petitioner. Section 401(b)(2) of the Act modified the guidelines manual by limiting the ability of the sentencing judge to use family ties and responsibilities as a mitigating circumstance. 28 U.S.C. 994. As modified, the guidelines state that "[F]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S. Sentencing Guidelines Manual*,* § 5H1.6 (2005).

3

The single decision that petitioner cites to support his claim is an unpublished Sixth Circuit opinion. *See United States v. Marine*, 94 Fed. Appx. 307 (6th Cir. 2004).[*] Even if the opinion were published, petitioner's circumstances vastly differed from those of the defendant in the decision. *Marine* affirmed a ten-level downward departure where a parent's incarceration would have led to the placement of three minor children in foster care because she was the sole caretaker and financial support for the children. In petitioner's case, the youngest child was eighteen years of age at sentencing. Petitioner was not the sole caretaker.

Defense counsel did in fact mention petitioner's family responsibilities in defendant's sentencing memorandum, claiming that he smuggled drugs in order to help his family financially. In light of the law on the subject, however, it was certainly within the reasonable discretion of defense counsel to emphasize better arguments. Petitioner was not prejudiced.

**2.   ABERRANT BEHAVIOR.**

Petitioner alleges that defense counsel failed to seek a downward departure pursuant to Section 5K2.20 for aberrant behavior. The provision is expressly inapplicable to defendants involved in serious drug trafficking offenses. U.S.S.G. § 5K2.20(c)(3). Petitioner's offense was a serious drug-trafficking crime because it had a mandatory minimum prison term of five years or greater. *Id*. cmt. 1. It is irrelevant that petitioner was exempted from the minimum.

The numerous published decisions cited by petitioner do not support his claim. *United States v. Morales*, 972 F.2d 1007, 1011 (9th Cir. 1992), said that a departure for aberrant behavior might be unavailable to even a first-time offender because first-time offender and aberrant behavior do not mean the same thing. *Accord United States v. Dickey*, 924 F.2d 836, 838 (9th Cir. 1991). Petitioner was a first-time offender, but the record discloses that in his safety-valve debrief, he admitted to having unlawfully imported drugs into the country on a previous occasion.

The appellate decisions (from other circuits) cited by petitioner involve approaches looking to factors such as whether there was pecuniary motivation, spontaneity,

---

[*] Civil Local Rule 3–4(e) prohibits citation to unpublished opinions. Criminal Local Rule 2–1 extends the applicability of Civil Local Rule 3–4(e) to the instant case.

4

thoughtlessness, or if the activity was out of character. *See United States v. Gonzalez*, 281 F.3d 38, 43 (2d Cir. 2002); *United States v. Andruska*, 964 F.2d 640, 645 (7th Cir. 1992). Since petitioner admitted to having previously imported drugs, his criminal activity was neither thoughtless, spontaneous nor out of character. The record further discloses that petitioner engaged in the criminal activity for financial gain. The decisions cited by petitioner therefore do not support his claim.

Neither Section 5K2.20(c)(3) nor the decisions cited by petitioner would have resulted in a downward departure based on aberrant behavior in petitioner's case. Such a claim would have been ill-founded and would have been unlikely to succeed. Petitioner's defense counsel was within the wide range of reasonable professional assistance when he failed to raise an aberrant-behavior claim. Petitioner was not prejudiced.

### 3. "FAST TRACK."

Petitioner alleges that his counsel failed to seek participation in a "fast-track" program that could have resulted in a downward departure. Petitioner is correct in stating that downward departures are available for participation in early disposition programs authorized by the United States Attorney in the district of the sentencing court. U.S.S.G. § 5K3.1. According to the government's brief, however, no fast-track program for drug smugglers in this district then existed. Petitioner did not file a reply to rebut the government's assertion. Both unpublished decisions cited in petitioner's motion refer to a fast-track program in another district. The Court is unaware of the existence of any such program. Petitioner has not met his burden. Counsel was not ineffective.

### 4. DEPORTABLE ALIEN STATUS.

Petitioner argues that his defense counsel failed to seek a downward departure due to petitioner's status as a deportable alien. The argument lacks an explicit legal basis. This order assumes petitioner is alleging that, as a result of his status as a deportable alien, he will be ineligible for detention in a minimum-security facility for the last ten percent of his sentence as allowed by 18 U.S.C. 3624(c), and should therefore have been granted a downward departure to

5

account for his ineligibility. Petitioner also seems to suggest an Equal Protection Clause argument.

In *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996), the court addressed the issue of increased sentence severity resulting from Charry Cubillos's status as a deportable alien. The court pointed out that the guidelines do not mention sentence severity resulting from deportable-alien status as a sentencing factor. It also noted, "[T]he Commission's expectation that departures based on factors not mentioned in the Guidelines will be highly infrequent." *Ibid*. The decision as to where prisoners are to be held is an administrative one. By departing downward because of petitioner's place of detention, the sentencing court would have been interfering with the discretion given by Congress to the Bureau of Prisons to designate the place of the petitioner's imprisonment. *Id*. at 1344 (citing 18 U.S.C. 3621(b)).

The purpose of the statute authorizing pre-release custody in a minimum-security facility is to "afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. 3624(c). This Court agrees with the reasoning in *Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1170 (S.D. Cal. 2000), which found that "it is also relevant that deportable aliens . . . are not released back into the general population at the end of their penal confinement, but into the custody of the Attorney General. Since such persons hardly 'prepare for reentry into the community,' they are held not to be eligible for confinement under 18 U.S.C. 3624(c)." This further emphasizes the discretion given to the Bureau of Prisons. The sentencing court could not have made an adjustment based on deportable alien status even if defense counsel had raised the issue. Petitioner was not prejudiced.

With respect to equal protection, any disparity is justified by the legitimate basis in protecting against the increased security risk of those facing deportation, the fact that those being deported do not need to integrate into the community, and Congress's plenary power over alien affairs. *See Lizarraga-Lopez,* 89 F. Supp. 2d at 1169. Effective assistance rises above the advancement of losing arguments.

6

Petitioner further claims that the Attorney General instructed federal prosecutors to recommend a downward departure in exchange for a concession of deportability. The government denies the existence of a blanket policy requiring prosecutors to make such an exchange. No reply was filed. Petitioner's burden was not met. Defense counsel was effective in not seeking a downward departure because of petitioner's deportable alien status.

### 5. THE *BOOKER* ARGUMENT.

The Court cannot discern the purpose of petitioner's invocation of *Booker*. Presumably, the argument is related to the advisory nature of the guidelines manual or to the judicial finding of facts used in sentencing.

The Ninth Circuit has determined that *Booker* did not announce a new procedural rule that applies retroactively to cases that have become final. *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005). Petitioner's sentence became final ten days after he failed to appeal the judgment entered on October 22, 2004. *Booker* was decided in 2005. The collateral attack based on *Booker* fails.

### CONCLUSION

Petitioner has not put forward any arguments that sustain his burden of demonstrating that the alleged errors amounted to an unconstitutional deprivation of his right to the effective assistance of counsel. The motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: May 31, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE